# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN CRAWFORD,**

      **Plaintiff,**

**v.**                                                       **Case No: 6:20-cv-4-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

John Crawford ("Claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying his applications for disability benefits. (Doc. 1). The Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. (Doc. 22 at 7-14, 18-21, 24-31, 34-38, 41). The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that his decision is supported by substantial evidence and should be affirmed. (*Id*. at 14-18, 21-24, 31-34, 38-41). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

### I. Procedural History

This case stems from the Claimant's September 21, 2016 applications for disability insurance benefits and supplemental security income, in which he alleged a disability onset date of October 15, 2015. (R. 229-44). The applications were denied on initial review and on reconsideration. The matter then proceeded before an ALJ, who held a hearing on October 16,

2018. (R. 47-66). The Claimant and his representative attended the hearing. (*Id*.). On February 7, 2019, the ALJ entered a decision denying the Claimant's applications for disability benefits. (R. 32-41). The Claimant requested review of the ALJ's decision, but the Appeals Council denied his request. (R. 17-19). This appeal followed.

**II.     The ALJ's Decision**

The ALJ performed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a)(4) and § 416.920(a)(4) in reaching his decision.[1] First, the ALJ found the Claimant met the insured status requirements of the Social Security Act through September 30, 2016, and that he has not engaged in substantial gainful activity since the alleged onset date. (R. 34). The ALJ next found that the Claimant suffers from the following severe impairments: degenerative joint disease of the left shoulder; carpal tunnel syndrome; posttraumatic stress disorder; major depressive disorder; history of alcohol abuse; and, schizoaffective disorder. (R. 34-35). The ALJ found that none of the Claimant's impairments, individually or in combination, met or medically equaled any listed impairment. (R. 35-36).

The ALJ found that the Claimant has the residual functional capacity ("RFC") to perform medium work as defined by 20 C.F.R. § 404.1567(c) and § 416.967(c)[2] with the following specific

---

[1] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.

[2] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

limitations:

> [H]e could occasionally lift and/or carry fifty pounds, and frequently lift and/or carry twenty-five pounds; sit for six hours; stand and/or walk for six hours; occasionally reach over head with the left upper extremity; frequently handle and finger with the left upper extremity; occasionally climb ladders, ropes, or scaffolds; frequently crawl; occasionally work from unprotected heights; limited to performing simple, routine, and repetitive tasks; limited to simple work related decisions.

(R. 36). In light of this RFC, the ALJ found that the Claimant is unable to perform his past relevant work. (R. 39-40). However, the ALJ found the Claimant can perform other work in the national economy, including work as a laundry worker, machine feeder, and day worker (cleaner). (R. 40-41). Accordingly, the ALJ concluded that the Claimant was not disabled between his alleged onset date (October 15, 2015) through the date of the decision (February 7, 2019). (R. 41).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   Analysis**

The Claimant raises four assignments of error: 1) the ALJ failed to resolve a conflict between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles when determining that he can perform other jobs in the national economy; 2) the ALJ's reasons for assigning little weight to Dr. Eva Christiansen's opinion are not supported by substantial evidence; 3) the ALJ's reasons for assigning little weight to ARNP Rebecca Nunn-Ryan's opinion are both insufficient and not supported by substantial evidence; and 4) the ALJ's step three determination is both legally insufficient and not supported by substantial evidence. (Doc. 22 at 7-14, 18-21, 24-31, 34-38). The Court will begin with the second assignment of error because it is dispositive of this appeal.

**A.  Dr. Christiansen's Opinion**

The Claimant argues that the ALJ's reasons for assigning Dr. Christiansen's opinion little weight are "misplaced" and not supported by substantial evidence. (Doc. 22 at 20-21). In response, the Commissioner argues that the ALJ's reasons are supported by substantial evidence, including evidence the ALJ did not rely on when weighing Dr. Christiansen's opinion. (*Id*. at 21-24). The Court is persuaded by the Claimant's argument.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. *See* 20 C.F.R. §§

404.1545(a)(3), 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[3]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

The opinion of an examining physician is generally not entitled to any special deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)). However, regardless of the medical opinion's source, the ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

Dr. Christiansen performed a one-time psychological evaluation of the Claimant on November 22, 2016. (R. 431-35). The examination consisted of an interview, a mental status evaluation, and a medical record review, which included review of the Claimant's psychiatric hospitalization from July 2015 and a psychiatric treatment note from August 9, 2016. (R. 431-32). The mental status evaluation revealed an unexpressive affect, depressed mood, stiff posture, self-reported difficulty focusing, and little insight. (R. 432). Based on her examination, Dr. Christiansen found that the Claimant is likely suffering from a neurodevelopmental disorder, an

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

unspecified psychotic disorder, and a recurrent, moderately severe depressive disorder. (R. 435).

With respect to the Claimant's ability to perform work-related activities, Dr. Christiansen opined:

> Mr. Crawford's ability to remember and understand instructions, procedures and locations should be adequate for carrying out basic tasks, although new learning may be slower, based on the likely interference of prescription medications. His ability to carry out instructions is limited by depressive traits such as lack of motivation. He reported that maintaining concentration or focus has become difficult for him since getting diagnosed in 2015. The difficulty is unlikely to result from the diagnosis, but he may have less ability to maintain focus when not involved in hands-on work and when medicated sufficiently to limit his mental health-related effects. Pace is likely to be slow for multiple possible reasons, including depression and medication side effects. Interpersonal interactions with others have often involved significant, at times physically violent incidents in his personal life. He did not report difficulties getting along with others in a work setting. Judgment may be adequate for basic tasks, as long as he continues to be compliant with medication. Adjusting to changes in workplace, particularly in terms [of] a less physical, more cognitively demanding kind of work, would be very difficult for him.

(R. 434-35).

The ALJ considered Dr. Christiansen's opinion and assigned it little weight, explaining:

> [I]t appeared that Dr. [Christiansen] relied primarily on the claimant's own self-reported limitations and deficiencies, and Dr. [Christiansen] provided very few signs and symptoms in order to support the diagnoses. To the contrary, it was noted that medication helped control some symptoms and at the present time, he only felt "a little bit depressed."

(R. 38 (citing R. 433)). The ALJ provided no other reasons in support of the weight assigned to Dr. Christiansen's opinion. (*See id.*).

Upon review, the ALJ's reasons for assigning little weight to Dr. Christiansen's opinion are not supported by substantial evidence. Turning to the ALJ's first reason, while it appears that some of the limitations may have been based, in part, on the Claimant's subjective statements, such as his limited ability to maintain concentration, nothing in the report suggests that Dr. Christiansen's opinions were based *primarily* on the Claimant's subjective statements. (*See* R. 431-35). To the contrary, as the Claimant notes (Doc. 22 at 20), Dr. Christiansen's report shows that she relied on

her interview with the Claimant, her mental status evaluation of the Claimant, and a review of the Claimant's medical records. (R. 431). Accordingly, the Court finds the ALJ's first reason is not supported by substantial evidence.

The ALJ's second reason – that Dr. Christiansen's report and opinion were not supported by many "signs and symptoms" – is also not supported by substantial evidence. Rather, as argued by the Claimant (*see* Doc. 22 at 20), Dr. Christiansen cites to several of the Claimant's mental health treatment records, and her report and opinion are consistent with those records. (Doc. 22 at 20).[4] Moreover, the ALJ has not pointed to any other records that would be inconsistent with Dr. Christiansen's report and opinion. To begin, it appears that the ALJ focused solely on the paragraph where Dr. Christiansen opines about the Claimant's specific limitations. However, a review of Dr. Christiansen's report demonstrates that her findings and observations are in fact scattered throughout the report. (R. 431-35). Dr. Christiansen's failure to reiterate those findings in detail when discussing specific limitations does not undermine her opinion, and the Court has been unable to locate any authority suggesting otherwise. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3) (requiring consideration of the record as a whole). Further, there are points in her opinion where Dr. Christiansen does refer to evidence that she either observed during her mental status evaluation or was noted in the medical records she reviewed. (*Compare* R. 434 (opining that the Claimant's ability to carry out instructions is limited by depressive traits such as a lack of

---

[4] On its face, it appears the ALJ's second reason is limited to rejecting Dr. Christiansen's diagnoses, as opposed to her opinions about the Claimant's functional limitations. (R. 38). Dr. Christiansen, however, did not diagnosis the Claimant with any impairments. Instead, she merely stated that the Claimant "is *likely* suffering from a neurodevelopmental disorder, an unspecified psychotic disorder, and a recurrent, moderately severe depressive disorder." (R. 435 (emphasis added)). Given the lack of definitive diagnoses from Dr. Christiansen, the Court interprets the ALJ's reference to "diagnoses" as referring to Dr. Christiansen's opinions about the Claimant's ability to perform work-related activities.

motivation) and R. 435 (opining that the Claimant would likely operate at a slow pace due to his depression and medication side effects) *with* R. 361 (treatment note from July 14, 2014 documenting depressed and anxious mood, impaired judgment, disorganized thought process), R. 407 (treatment note from August 9, 2016 documenting withdrawn attitude, timid behavior, and apathetic mood) and R. 432 (observing depressed mood)). Accordingly, the Court does not find, as the ALJ's second reason suggests, that Dr. Christiansen's opinion is conclusory in nature. Consequently, the ALJ's second reason is not supported by substantial evidence.[5]

The Commissioner points to additional evidence that he claims supports the weight assigned to Dr. Christiansen's opinion, namely the Claimant's activities of daily living. (Doc. 23 at 22-23). The ALJ, however, did not cite to that evidence in support of the assigned weight. (*See* R. 38). The Court is not permitted to consider the Commissioner's *post hoc* rationalizations in evaluating the ALJ's consideration of Dr. Christiansen's opinion. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To make such assumptions would necessarily require the Court to reweigh the evidence, which is prohibited. *See Phillips*, 357 F.3d at 1240 n.8 (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'").

---

[5] In support of his second reason, the ALJ points to evidence in Dr. Christiansen's report that purportedly undermines her opinion, including evidence that "medication helped control some symptoms" and that the Claimant only reported feeling "a little bit depressed." (R. 38). It is unclear how this limited anecdotal evidence undermines Dr. Christiansen's opinion. Instead, it appears that Dr. Christiansen accounted for this evidence in rending her opinions. (*See, e.g.*, R. 434 (noting that the Claimant would likely operate at a slow pace due to his depression and medication side effects)). Accordingly, the ALJ's reliance on such evidence is insufficient to support the weight assigned to Dr. Christiansen's opinion.

In summary, the Court finds that the ALJ's reasons for assigning little weight to Dr. Christiansen's opinion are not supported by substantial evidence and, therefore, this matter must be reversed and remanded for further proceedings.

### B. Other Issues on Appeal

In light of the foregoing, the Court declines to rule on the Claimant's remaining assignments of error. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors). That said and without finding that the ALJ erred with respect to the other assignments of error, on remand, the ALJ should ensure that the RFC determination is consistent with at least one of the hypothetical questions[6] and provide additional explanation, with citation to the record, in support of his determination regarding paragraph C of Listings 12.03, 12.04, and 12.05.

## V. Conclusion

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the

---

[6] None of the ALJ's hypothetical questions to the VE accounted for the ALJ's RFC determination that the Claimant was limited to occasional overhead reaching with the left upper extremity. (*Compare* R. 36 *with* R. 62-65); *see Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); *Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911 (11th Cir. 2014) (affirming the ALJ's decision because the hypotheticals posed by the ALJ were consistent with the RFC determination and adequately considered all of claimant's credible limitations).

Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 25, 2021.

*Leslie R. Hoffman*
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Henry Hamilton
Administrative Law Judge
Office of Hearings Operations
Regency West Bldg. 1
1501 50th St., Ste 300
West Des Moines, Iowa 50266-5940